1 .BROWN, C.J.,
Randall Boughton and Central Mutual Ins. Co. (“Central Mutual”) appeal the trial court’s granting of partial summary judgment in favor of McKenzie & Mouk, Inc. (“M & M”) and its errors and omissions insurer, Employer’s Reinsurance Corp. (“Employer’s”). For the reasons expressed, we affirm.

Facts and Procedural History

On August 1, 1988, William and Jean Baker purchased a homeowner’s insurance policy from Central Mutual through M & M, a local insurance agent. This policy was effective August 1, 1988 until August 1, 1989. On December 15, 1988, after reviewing the Baker’s credit report, Central Mutual advised M & M that the Bakers’ policy would not be renewed when it was set to expire on August 1, 1989. Accordingly, on May 4, 1989, Central Mutual sent a “Notice of Non-Renewal” to the Bakers, M & M, and the mortgagee, Jonesboro Federal Savings & Loan Bank (“Jonesboro Federal”).
In his deposition testimony, Mr. Baker, an attorney, stated that Central Mutual had sent the notice of non-renewal because there was a problem with the Bakers’ credit report. Upon his request, a credit agency sent to Mr. Baker a copy of the credit report, which showed that there was a judgment against his son and his son’s wife. Mr. Baker then obtained a copy of this judgment and gave it to his M & M agent, Raymond Taylor, to show that the credit report was erroneous because the judgment was not against him and his wife. It was Mr. Baker’s impression that when he gavej^Mr. Taylor the copy of this judgment, the problem regarding his insurance coverage was resolved.
During this time, Central Mutual authorized M & M to issue an insurance binder to the Bakers effective August 1, 1989. Mr. Taylor “understood” that the binder was only for 30 days. This binder provided coverage in the same types and amounts that had existed under the original policy. Neither the Bakers nor Jones-boro Federal were given notification of the binder. Jonesboro Federal requested that M & M provide it with coverage verification. M & M then prepared a written binder dated August 29, 1989, showing a termination date of August 30, 1989, and delivered it to Jonesboro Federal. While this binder was prepared and delivered to the bank, it was never given to the Bakers. On October 15, 1989, the Bakers’ house was completely destroyed by fire.
The Bakers timely filed suit against both Central Mutual and M & M. Central Mutual filed a third party demand against M & M. The Bakers filed a motion for partial summary judgment and argued that Central Mutual’s insurance coverage was in effect at the time the fire destroyed their home. Thereafter, Central Mutual named Employer’s as third party defendant.
Central Mutual and the Bakers reached an agreement where Central Mutual paid the Bakers $375,000 in exchange for a release from liability and a “Mary Carter” agreement in which the Bakers agreed to pursue their claim against M & M and its insurer. The agreement set forth how any recovery would be shared by the Bakers and Central Mutual.
laWilliam Baker was murdered on November 30, 1992. Jean Baker filed for bankruptcy and was appointed as the testamentary executrix of her husband’s estate. Randall Boughton was adjudicated *146 as the trastee in the bankruptcy and later named as the proper party plaintiff in this suit. Because of the settlement agreement, both Boughton (the Bakers) and Central Mutual are represented by the same attorney.
Several motions and several years later, all of the parties filed a “Stipulation of Facts” and motions for partial summary judgment regarding whether coverage existed at the time of the loss.
M & M and Employer’s claim that the resolution of this question is important for determining who would be the plaintiff. They assert that an essential element of any claim that the Bakers may have had against M & M was the absence of any fire insurance coverage on their home at the time of the loss. If the Central Mutual coverage remained in effect, then the Bakers could have no claim against M & M for not having that insurance. If the Bakers have no claim against M & M, then the only remaining claims are those asserted by Central Mutual contending that M & M’s negligence caused its coverage to remain in effect at the time of the fire. Those claims, that is by the insurer, Central Mutual, against the agency, M & M, and its insurer, present a different set of facts and legal relationships than the Bakers’ claim against M & M.
The trial court found that there was insurance coverage provided by Central Mutual on the date of the fire which destroyed the Bakers’ home. In 14its minute entry, the trial court certified this as an appealable partial final judgment.

Discussion

The sole issue in the instant case is whether coverage was in effect at the time of the fire. The parties dispute whether Central Mutual was required to give the Bakers notice of the expiration of the binder.
A “binder” is used to bind insurance temporarily pending the issuance of the policy. La.R.S. 22:631. This provision is written in terms anticipating issuance of a policy; it seems clear that a binder must still exist pending the contingency of “non-issuance,” for, by its nature, a binder issues pending either eventuality. Davis Industries, Inc. v. Western Preferred Casualty Co., 527 So.2d 347 (La.App. 5th Cir.1988); Ferrara v. Strain, 497 So.2d 1077 (La.App. 5th Cir.1986), writ denied, 501 So.2d 238 (1987). The binder incorporated the terms of a contemplated standard policy even though the insurer ultimately chose to reject the risk. Davis Industries, Inc. v. Western Preferred Casualty Co., supra.
Mr. Taylor admitted that he assumed the binder would last for 30 days; however, he never notified anyone of such expiration. M & M wrote the binder for the first time on August 29, 1989 upon Jones-boro Federal’s request; this occurred one day before it was to expire. The only party which ever received notification of the binder’s expiration was Jonesboro Federal. Despite the written receipt of the expiration date, Jonesboro Federal did not inform the Bakers that their binder was set to expire the very next day.
|sAll parties agree that coverage was extended pending the resolution of the credit report issue. No definite time limit was ever communicated to the Bakers. Steve Burras, personal lines underwriter for Central Mutual, verbally authorized Mr. Taylor to issue the binder; however, he did not state a termination date. Mr. Taylor only assumed it was 30 days.
Although the 20-day notice of cancellation provided for in La.R.S. 22:636 is inapplicable on a fire insurance policy, “notice of some kind to the insured is necessary to complete in fact the rejection of the application by the insurance company and thereby terminate coverage where as in this case, the binder has been extended for *147 an indefinite period ...” Norred v. Commercial Union Insurance Co., 526 So.2d 829, 833 (La.App. 2d Cir.1988), writ denied, 531 So.2d 483 (1988). The general rule that no notice of cancellation is required where a policy expires in accordance with its terms does not apply to this case. Other than the notice of non-renewal, which was understood by all the parties to have been suspended, no written notice of the binder or its terms was ever supplied to the Bakers. The Bakers were never told that their credit report could not be cleared. The written binder provided only to Jonesboro Federal one day pri- or to its stated termination date is not sufficient. To hold otherwise would defeat the purpose of the binder which was to assure the Bakers that they would be insured until the company acted. Norred, supra.

Conclusion

For the foregoing reasons, the trial court’s granting of the partial summary judgment in favor of the appellees is AFFIRMED and the matter |fiREMANDED for further proceedings in accordance herewith. Costs are assessed to the appellants, Randall Boughton and Central Mutual Insurance Co.